1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 22-cv-01601-LTB-KLM

_____

VICTORIA ELEFTHERIOS TOUNTAS, et al.,

Plaintiffs,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC., et al.

Defendants.

_____

Proceedings before KRISTEN L. MIX, United States Magistrate Judge, United States District Court for the District of Colorado, commencing at 12:00 p.m., August 3, 2023, in the United States Courthouse, Denver, Colorado.

_____

WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

_____

APPEARANCES

MATTHEW OSBORNE, Attorney at Law, appearing for the Plaintiffs.

AMY LOPEZ (via phone), Attorney at Law, appearing for the Defendants.

_____

TELEPHONIC DISCOVERY HEARING

2

P R O C E E D I N G S

(Whereupon, the within electronically recorded proceedings are herein transcribed, pursuant to order of counsel.)

THE COURT:  Good morning -- or good afternoon, I guess.  We're just at noon.  This is 22-cv-01601, Victoria Eleftherios Tountas and Shlomo Hogla-Meislin Harnas vs. Equifax Information Service, LLC and Experian Information Solutions, LLC -- or excuse me, Experian Information Solutions, Inc.  Let's have counsel enter appearances, please, starting with counsel for the plaintiff.

MR. OSBORNE:  Good afternoon, Your Honor.  This is Matt Osborne for plaintiffs.

MS. LOPEZ:  Good afternoon, Your Honor.  This is Amy Lopez for defendants.

THE COURT:  All right, good afternoon.  We're here for a discovery hearing.  I've received and reviewed certain emails from counsel that were copied to both counsel.  Most recently, one dated July 30, 2023 from Ms. Lopez to Mr. Osborne and the Court and one also dated that date from Mr. Osborne to Ms. Lopez and the Court.

This appears to be a dispute about scheduling some depositions, so Mr. Osborne, I'm going to ask you to give me an update as to where you are on this issue.

MR. OSBORNE:  Your Honor, Ms. Lopez indicated

3

yesterday that one of the witnesses, Constance Allaya, may have said was a former employee, but they just learned that she's actually a current employee and that she can be available for a deposition tomorrow morning, which works for me.

The remaining witness, which is Ms. Godoy, Experian has not provided dates for that person.

THE COURT:  And was the deposition of Ms. Alberca completed?

MR. OSBORNE:  Yes, Your Honor, it was completed on Monday.

THE COURT:  All right.  So Ms. Lopez, where do we stand with respect to deposition dates for Ms. Godoy?

MS. LOPEZ:  Your Honor, if I may, I want to start by saying thank you, I understand that you're in trial and I appreciate your time.  I know last time I was on a cell phone.  I made sure to be on a landline this time around, and I just want to say thank you for helping us on this.  To Mr. Osborne, especially thank you, Matt, for your professionalism so far in working with us to coordinate these depositions.

We've had the deposition of one of three taken over on Monday.  The second deposition was going to go forward tomorrow morning.  As to that third deposition, I would like to be able to meet and confer more with Matt

4

about that.  Given Chilean labor law regulations, it's -- you know, Experian Information Solutions, Inc., can't force a foreign national to appear for a deposition.  Experian has made every effort to secure her appearance, but we haven't been able to secure her for a deposition.

THE COURT:  All right.  So I want to make sure I understand.  Are you saying that Ms. Godoy is no longer employed by Experian?

MS. LOPEZ:  No.  Ms. Godoy is -- is employed.  We requested that she appear and she has declined.  And because she's a national Chilean, there are Chilean labor laws and -- that don't allow Experian to compel her to appear.

THE COURT:  All right.  Mr. --

MS. LOPEZ:  So --

THE COURT:  Go ahead.

MS. LOPEZ:  Sure, thank you.  Just two other small points.  You know, we've provided Mr. Osborne with some ideas as to alternatives for that (indiscernible) deposition, whether that be via testimony or declaration by a supervisor or stipulation of facts.  And so we were happy to meet and confer with Mr. Osborne on this issue.  I believe we asked him twice to be able to speak to us about this matter.

With that being said, Your Honor, I would like to flag for you that we have been working together cooperating

5

and we've agreed to a settlement conference and briefing schedule for the motion for summary judgment.

THE COURT:  All right.  Well, Mr. Osborne, do you want to respond to the contention that because the employee witness of the defendant is a foreign national, the defendant cannot compel the employee to appear for a deposition?

MR. OSBORNE:  Yes, Your Honor.  So Experian lost this argument 11 years ago in the federal court in Idaho, and it's kind of the seminal case.  It's called Calderon vs. Experian, which is 287 F.R.D. 69, District of Idaho, 2012.  And I can say for the past ten plus years Experian has routinely produced Chilean employees for deposition in cases all over the country.  They have produced the person in this case already and they've agreed to produce another one tomorrow.  So I -- I don't agree that they can't require this person to appear for a deposition.

THE COURT:  All right.  Let me ask, Ms. Lopez, is Ms. Godoy's place of work outside of the United States?

MS. LOPEZ:  Yes, Your Honor.

THE COURT:  Where does she work?

MS. LOPEZ:  Chile.

THE COURT:  All right.  And are you familiar with the decision that Mr. Osborne has mentioned from the District of Idaho?

6

MS. LOPEZ:  I've -- I've heard of that decision, Your Honor.  I understand also that that's -- Idaho is not the Tenth Circuit.  It's more than ten years ago, and I'm sure that there is plenty of case law out there that I would like to be able to review.  As I stated before, I've twice tried to meet and confer with Mr. Osborne on this issue, and we haven't been able to do that prior to this hearing.  And so if -- if this is the position that Mr. Osborne is taking, then I would like the opportunity to be able to brief and provide evidence as to this issue.

THE COURT:  All right.  Well, I think one of the issues relates to the discovery cutoff.  I think, if I recall the previous hearing correctly, the Court extended the discovery cutoff for the purpose of completing these depositions; isn't that right?

MR. OSBORNE:  Yes, Your Honor.

THE COURT:  And what is the current discovery cutoff date, Mr. Osborne?

MR. OSBORNE:  We've extended it until Monday, July 31, Your Honor, so I would request an extension to complete these depositions.

THE COURT:  All right.  Well, I think the most appropriate thing to do is to grant an extension for purposes of completing these depositions.  First, the one that is apparently going to be taken tomorrow, which I think

7

is -- relates to witness Allaya.  No, is Allaya the one that was already taken?

MS. LOPEZ:  The one that was already taken, Your Honor, is Alberca.  Tomorrow is Allaya.

THE COURT:  All right.  So the one that's going to be taken of Allaya tomorrow is technically beyond the discovery deadline.  So that's a good reason to extend the discovery deadline.  There is a further good reason to extend the discovery deadline because you have not yet reached a conclusion about the deposition of Ms. Godoy.

I, of course, know that you know that I'll no longer be assigned to the case after 5 p.m. tomorrow and the case will be reassigned to a different magistrate judge. And I hate to leave this issue pending, but it does sound to me like you need to confer further with respect to Experian's ability and obligation to produce its employee who works outside of the United States for a deposition.

I tend to agree with Mr. Osborne that the cases support an obligation on the part of an employer to produce a foreign national who works outside of the country for a deposition so long as the testimony is relevant and so long as there are alternative means of taking the testimony, for example, by video and/or telephone.

I'm not going to make that order at this time, because Ms. Lopez has asked for additional time to confer,

8

but at some point the counsel's conferences with respect to these matters has got to end, and there simply either has to be a deposition or there has to be an order from the Court.

So I'm inclined to give you up to two more weeks to see if you can resolve this. That would, therefore, be through August 18, 2023. If you are not able to resolve this by conferral at that time, then you'll have to follow the discovery procedures of whoever the newly assigned magistrate judge is and bring the issue to that magistrate judge's attention.

Any questions about that, Mr. Osborne?

MR. OSBORNE: No, Your Honor.

THE COURT: Any questions, Ms. Lopez?

MS. LOPEZ: Your Honor, the only question that I have is as to the settlement conference, but just for the record, making sure that both parties have agreed to a settlement conference to occur within 21 days with statements exchanged by both sides seven days in advance. Mr. Osborne had requested additional time to respond to that, to Experian's motion for summary judgment. And we've agreed that, you know, we're going to work on that settlement conference. If settlement is not reached, then Mr. Osborne would have seven days after the settlement conference to oppose Experian's motion for summary judgment. And then, Matt, are you in agreement that Experian would

9

have seven days to reply to your opposition?

MR. OSBORNE:  Yes.

THE COURT:  All right, thank you.  So the Court will further order that the deadline for the plaintiff to respond to the defendant's motion for summary judgment will be extended to seven days after completion of the currently anticipated settlement conference and the defendant's deadline to reply to the plaintiff's response to the motion for summary judgment will be extended to seven days beyond the filing of the plaintiff's response to motion for summary judgment.

In the meantime, in accordance with my order that the parties confer further and reach a resolution or attempt to reach a resolution regarding this issue on or before August 18, the Court will extend the discovery cutoff through the end of August for the purpose of conducting this deposition.  However, I want the record to reflect that if the parties are not able to agree on or before August 1 about a process by which this deposition can be conducted, then the Court that handles the case in the future, in my view, should be further inclined to extend the discovery cutoff for the purpose of completing the last remaining deposition, which is the deposition of Ms. Godoy.

All right.  Anything else we need to address today from plaintiff's point of view?

10

MR. OSBORNE:  No, Your Honor.

THE COURT:  Anything else from defendant?

MS. LOPEZ:  No, Your Honor.  Thank you very much.

THE COURT:  All right, thank you.  We'll be in recess.

(Whereupon, the within audio concluded.)

TRANSCRIBER'S CERTIFICATE

I certify that the foregoing is a correct transcript, to the best of my knowledge and belief (pursuant to the quality of the recording) from the record of proceedings in the above-entitled matter.

/s/Dyann Labo                    August 9, 2023
Signature of Transcriber              Date